# EXHIBIT A

Evan J. Smith, Esquire (SBN 242352)
BRODSKY SMITH
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/19/2025 2:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| CLAYTON FREEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STONECOURT CAPITAL LP, MOON VALLEY NURSERY OF ARIZONA RETAIL, LLC, MOON VALLEY NURSERY OF CALIFORNIA, LLC, MOON VALLEY NURSERY, LLC,<br><br>Defendants, | CASE NO.: 25STCV07923<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, et seq.<br><br>(2) VIOLATIONS OF THE CDPA, CALIFORNIA CIVIL CODE § 54.1, et seq.<br><br>(3) VIOLATIONS OF CAL. CIV. CODE § 55.1, et seq.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Clayton Freeman ("Plaintiff"), by and through his attorneys, alleges the following based upon personal knowledge as to his own acts, and upon information and belief and his attorneys' investigation as to all other facts.

1.    Plaintiff, on behalf of himself and on behalf of a Class (defined herein) of mobility impaired/wheelchair bound persons, alleges that defendants Stonecourt Capital LP, and Moon Valley Nursery, LLC, and Moon Valley Nursery of Arizona Retail, LLC, and Moon Valley of California, LLC (collectively, "Moon Valley" or "Defendants" and each a "Defendant") is in violation of the anti-discrimination state statutes of California, Unruh Civil Rights Act, California Code § 51 et seq. ("Unruh Act"), the California Disabled Persons Act, California Civil Code § 54 et seq. ("CDPA"), and Cal. Civ. Code § 55 et seq.

2.     Plaintiff seeks statutory damages and reasonable attorneys' fees and costs on behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or would like to patronize the nurseries identified below.

## STATUTORY BACKGROUND

3.     Both the CDPA, which was enacted in 1968, and the Unruh Act, which was amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of disability and require full and equal access to services, facilities and advantages of public accommodations.

4.     All buildings constructed or altered after July 1, 1970, must comply with standards governing the physical accessibility of public accommodations.

5.     From December 31, 1981 until the present, the standards have been set forth in Title 24 of the California regulatory code (the "California Standards"). In addition to setting forth design and construction standards, the California Standards require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities. California Standards, § 1101B.3.

6.     A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act. A violation of 42 U.S.C. § 12181, et seq., of the Americans with Disabilities Act ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of whether the plaintiff has suffered any actual damages. Cal. Civ. Code, § 54.3.

7.     The Unruh Civil Rights Act, Cal. Code, § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever."

8.     In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990... shall also constitute a violation of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

9.      Under Cal. Civ. Code, § 55, a plaintiff may file an action to enjoin any technical violations of California's access laws, without an actual attempt to access the facility or to prove the violation results from discrimination. Injunctive relief under section 55 is available as a cumulative remedy under the Unruh Act or the CDPA. *Molsky v. Arciero Wine Group*, 164 Cal. App. 4th 786, 79 Cal. Rptr. 3d 574 (2008).

10.     Despite an extended period of time in which to become compliant and despite the extensive publicity the CDPA and Unruh Act has received over the years, Defendants continue to discriminate against people who are disabled, in ways that block them from equal access to and use of their nurseries.

## PARTIES AND STANDING

11.     Plaintiff is a citizen of California and is domiciled in Coronado, CA and qualifies as an individual with disabilities. Plaintiff is a paraplegic and requires a wheelchair to move about. Plaintiff has visited and patronized Moon Valley nurseries within the State of California, and has experienced discrimination at such nurseries as more fully set forth below. Plaintiff is being deterred from patronizing Moon Valley nurseries but intends to return to these nurseries for the dual purpose of availing himself of the goods and services offered to the public at such nurseries and to ensure that those nurseries cease evading their responsibilities under state law.

12.     Plaintiff has been, and continues to be, adversely affected by Defendants' violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury as a result of the Defendants' actions and/or omissions as described herein.

13.     Plaintiff has reasonable grounds to believe that Defendants will continue to subject him and other disabled individuals to discrimination in violation of the laws of the State of California, given that the Defendants have failed to bring existing nurseries into compliance for over thirty (30) years and has allowed new nurseries to be constructed that are similarly out of compliance.

14.     Defendants, at all relevant times to this litigation, acted, or failed to act, by and through their officers, representatives, subsidiaries, agents, workers and/or their employees.

15.     Defendant Stonecourt Capital LP, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Stonecourt Capital LP is a Delaware limited partnership with a registered agent for service of process located at c/o Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

16.     Defendant Moon Valley Nursery of Arizona Retail, LLC, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Moon Valley Nursery of Arizona Retail, LLC is an Arizona limited liability company with a registered agent for service of process located at c/o Corporation Trust Company, 330 N. Brand Blvd., Glendale, CA 91203.

17.     Defendant Moon Valley Nursery of California, LLC, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Moon Valley Nursery of California, LLC is a California limited liability company with a registered agent for service of process located at c/o Corporation Trust Company, 330 N. Brand Blvd., Glendale, CA 91203.

18.     Defendant Moon Valley Nursery, LLC, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Moon Valley Nursery, LLC is a California limited liability company with a registered agent for service of process located at c/o Corporation Trust Company, 330 N. Brand Blvd., Glendale, CA 91203.

19.     Upon information and belief, Defendants operate as many as thirteen (13) nurseries in the State of California. Defendants' nurseries that are located in the State of California are required to comply with California state law and be fully accessible to the mobility impaired.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction of the Unruh Act and CDPA claims pursuant to Cal. Civ. Code §§ 51, 54, and 55.

CLASS ACTION COMPLAINT

21.     Venue lies in this district as Defendants are found and/or does substantial business here, and a part of the property that is the subject of the Action is so situated.

## **CLASS ACTION ALLEGATIONS**

22.     Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

23.     Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

24.     Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Nurseries, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

25.     In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

26.     The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized Moon Valley nurseries identified herein, who have been, or who were, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods,

services, programs, facilities, privileges, advantages, or accommodations of any of the Moon Valley nurseries identified herein (the Class).

27.    The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

28.    Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    Whether Defendants provide goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(b)    Whether Defendants' nurseries have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(c)    Whether Defendants have failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d)    Whether Defendants have failed to remove architectural and communication barriers in existing nurseries, where such removal is readily achievable and technically feasible, or has failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e)    Whether violations of the ADA also constitute per se violations of the California anti-discrimination statutes Cal. Civ. Code §§ 51, and 54 et. seq.;

CLASS ACTION COMPLAINT

(f)     Whether Defendants have violated and/or continues to violate the state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g)     Whether the state anti-discrimination statues identified above provide for a private right of action;

(h)     Whether the state anti-discrimination statues identified above provide for injunctive relief;

(j)     Whether to recover under the Unruh Civil Rights Act a plaintiff must plead and prove intentional discrimination;

(k)     Whether a plaintiff must prove intentional conduct to recover under the CDPA; and

(l)     Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Civil Rights Act or CDPA.

29.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendants' conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendants have violated state law by violating the ADA and Title 24 by failing to make its nurseries accessible to individuals with disabilities and by excluding Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations at Defendants' nurseries, and subjecting Plaintiff to discrimination by failing to provide its facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to Plaintiff, as well as other similarly situated persons.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

CLASS ACTION COMPLAINT

1        31.    A class action is superior to other available methods for the fair and efficient

2    adjudication of the controversy, since joinder of all members is impracticable. Furthermore,

3    because the damages suffered by the individual Class members may be relatively small, the

4    expense and burden of individual litigation make it impossible for members of the Class

5    individually to redress the wrongs done to them.

6        32.    There will be no difficulty in the management of this action as a class action.

7    Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action,

8    in that it is likely to avoid the burden which would be otherwise placed upon the judicial system

9    by the filing of thousands of similar suits by disabled people across the California. There are no

10   obstacles to effective and efficient management of the lawsuit as a class action.

**MOON VALLEY NURSERIES OWNED/OPERATED BY DEFENDANTS
IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

13       33.    Plaintiff patronized Moon Valley located at 3231 Oceanside Blvd., Oceanside,

14   CA to purchase goods and suffered discrimination as a result of being denied full and equal

15   access. Specifically, this nursery denied Plaintiff equal access because it does provide an

16   accessible parking lot and/or restroom. First, Plaintiff was deterred from parking in a handicap

17   accessible parking space because the existing van accessible parking spaces lack accessible aisles

18   that allow a wheelchair bound person the space to exit safely from and/or enter the vehicle.

19   Plaintiff was further prevented from parking in a handicap accessible parking space because the

20   parking lot does not provide a sign regarding the penalty for unauthorized use of the designated

21   disabled parking spaces, to deter the use of handicap accessible parking spaces by persons who

22   are not disabled. As a result, Plaintiff was unable to park in a handicap parking space. Upon

23   entering the nursery, Plaintiff was denied equal access to the nursery's restroom. Prior to

24   entering the restroom, Plaintiff was deterred from using the facilities because the restroom door

25   hardware requires grasping, pinching, or twisting of the wrist, making it not possible for him to

26   operate or utilize the restroom door hardware mechanics, unassisted. Once inside the restroom,

27   Plaintiff was prevented from using the toilet because the restroom lacks grab bars and the toilet is

28   situated such that Plaintiff was not afforded enough stall room space to maneuver his wheelchair

and/or make transfer from his wheelchair to the toilet. As a result, Plaintiff did not use the toilet. Prior to exiting the restroom, Plaintiff was further deterred from using the facilities because the sink, soap dispensers, paper towel dispensers, and mirror are each mounted excessively high and out of reach/sight to him. As a result, Plaintiff was deterred from using the restroom in its entirety.

34.    In an attempt to avoid litigation, Plaintiff provided notice and the opportunity to cure to Defendants. On November 19, 2024, Plaintiff sent a letter to the nursery manager of the 3231 Oceanside Blvd., Oceanside Moon Valley location informing him/her that this nursery is not accessible to him for the above reasons, that he was aware of similar accessibility barriers at other Moon Valley locations, and asking that these problems be fixed within 30 days. Plaintiff did not seek any monies or statutory damages in his letter.

35.    Plaintiff received no response to his November 19, 2024, letter. As a result, he is now being deterred from patronizing all of Defendants' California locations.

36.    Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendants' discriminatory barriers. Those investigations, which are still ongoing, have to date identified the nurseries listed below as being in serious violation of state law as a result of their violations of the California Standards governing the physical accessibility of public accommodations and/or the ADA which results in a violation of both Unruh and/or CDPA. This information has been disseminated to the Plaintiff providing him with actual notice of the violations at Defendants' nurseries listed below:

       1.    3231 Oceanside Blvd., Oceanside, CA

       2.    17715 Amie Ave., Torrance, CA

       3.    29081 Pacific Coast Hwy., Malibu, CA

       4.    6500 Alton Pkwy., Irvine, CA

       5.    9708 Flinn Springs Rd., El Cajon, CA

       6.    21251 Bushard St., Huntington Beach, CA

       7.    13650 Carmel Valley Rd., San Diego, CA

1    8.    3906 E. Telegraph Rd., Fillmore, CA

2    9.    3000 B St., La Verne, CA

3    10.    5211 Edison Ave., Chino, CA

4    11.    11745 Sherman Way, Hollywood, CA

5    12.    26334 Mesa Rock Rd., Escondido, CA

6    13.    36705 Briggs Rd., Murrieta, CA

7    37.    The aforementioned violations are ongoing and continue to result in Plaintiff and

8  unnamed mobility impaired class members suffering discrimination as a result of being denied

9  full and equal access to these nurseries.

10    38.    Defendants have discriminated and are discriminating against Plaintiff, and others

11  similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and

12  required by both the California Standards and by the ADA. The following list describes

13  Defendants' violations in the nurseries listed above:

14    1.    **3231 Oceanside Blvd.**
          **Oceanside, CA 92056**

15

16    **Violation 1**
      There is no warning sign regarding the penalty for unauthorized use of designated
      disabled parking spaces and where they are towed.  This is in violation of Title 24

17    Code 1129B.4.

18    **Violation 2**
      The van accessible parking spaces do not have accessible aisles.  This is in

19    violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

20    **Violation 3**
      The center of the toilet or water closet is 16.5" from the wall and is not accessible.

21    This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

22    **Violation 4**
      The restroom door hardware is not compliant.  This is in violation of Title 24

23    Code 1133B.2.5.1; ADAAG – Section 4.13.9.

24    **Violation 5**
      There are no required grab bars in the restroom.  This is in violation of Title 24

25    Code 1115B.8.1; ADAAG – Section 4.17.6.

26    **Violation 6**
      The mirror in the restroom is 52" from the floor and is not compliant.  This is in

27    violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

28

CLASS ACTION COMPLAINT

**Violation 7**
The urinal rim height is 21" and is not compliant. This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 8**
The lavatory sink is not accessible. This is in violation of Title 24 Code 1504.2.1; ADAAG – Section 4.19.2.

**Violation 9**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 10**
The soap dispenser in the restroom is located 54" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 11**
The paper towel dispenser in the restroom is located 52" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 12**
The toilet seat cover dispenser in the restroom is located 55" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

2.    **17715 Amie Ave.**
       **Torrance, CA  90504**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

CLASS ACTION COMPLAINT

**Violation 8**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The toilet paper dispenser is not located below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 10**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 11**
The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 12**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 13**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 14**
The toilet seat cover dispenser in the restroom is located 54" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 15**
Thresholds more than ½" have to be ramped. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

3.    **29081 Pacific Coast Hwy.**
      **Malibu, CA  90265**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The center of the toilet or water closet is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 4**
The toilet paper dispenser is not located below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Violation 5**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 6**
The toilet paper dispenser is not mounted a minimum of 19" from the floor to the center of the dispenser. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 7**
The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 8**
The restroom does not provide proper floor space and is not accessible. This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.23.3.

**Violation 9**
The mirror in the restroom is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 10**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 11**
The toilet seat cover dispenser in the restroom is located 54" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 12**
Thresholds more than ½" have to be ramped. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**4.    6500 Alton Pkwy.**
**Irvine, CA  92618**

**Violation 1**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 2**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 3**
The center of the toilet or water closet is 19 1/4" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 4**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 5**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10

5.    **9708 Flinn Springs Rd.**
      **El Cajon, CA  92021**

**Violation 1**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The center of the toilet or water closet is 19 1/8" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 4**
The mirror in the restroom is 43" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 5**
The soap dispenser in the restroom is located 53" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 6**
The paper towel dispenser in the restroom is located 53" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

6.    **21251 Bushard St.**
      **Huntington Beach, CA  92646**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

CLASS ACTION COMPLAINT

**Violation 6**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 7**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The height of the toilet seat or water closet is 16" and is not accessible.  This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

**Violation 9**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 10**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 11**
The toilet seat cover dispenser in the restroom is located 44" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

7.    **13650 Carmel Valley Rd.**
**San Diego, CA 92130**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 5**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 6**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 7**
The floor or landing area is not level and has a slope greater than 2%.  This is in violation of Title 24 Codes 1133B.2.42, 1133B.7.5; ADAAG - Section 4.3.7.

**Violation 8**
The center of the toilet or water closet is 25" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 9**
The restroom door hardware is not compliant.  This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 10**
The toilet stall door hardware is not compliant.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 11**
There are no required grab bars in the restroom.  This is in violation of Title 24 Code 1115B.8.1; ADAAG – Section 4.17.6.

**Violation 12**
The urinal rim height is 18" and is not compliant.  This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 13**
The lavatory sink is not accessible.  This is in violation of Title 24 Code 1504.2.1; ADAAG – Section 4.19.2.

**Violation 14**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 15**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 16**
The soap dispenser in the restroom is located 48" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 17**
The paper towel dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 18**
The toilet seat cover dispenser in the restroom is located  42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7

8.    **3906 E. Telegraph Rd.**
      **Fillmore, CA  93015**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

CLASS ACTION COMPLAINT

**Violation 2**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 3**
The restroom is not accessible to a wheelchair. This is in violation of Title 24 Code 1115B.1; ADAAG - Sections 4.1.2(6) and 4.1.2(11).

**Violation 4**
The restroom does not provide proper floor space and is not accessible.  This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.23.3.

**Violation 5**
The restroom stall does not provide proper floor space and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.3; ADAAG – Section 4.17.3.

**Violation 6**
The soap dispenser in the restroom is located 43" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 7**
The toilet seat cover dispenser in the restroom is located 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

9. **3000 B St.**
**La Verne, CA  91750**

**Violation 1**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 5**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 6**
The center of the toilet or water closet is 19" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 7**
The mirror in the restroom is 50" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 8**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 9**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 10**
The paper towel dispenser in the restroom is located 50" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

10.    **5211 Edison Ave.**
**Chino, CA  91710**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 4**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the restroom is located 50" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 6**
The paper towel dispenser in the restroom is located 54" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 7**
The toilet seat cover dispenser in the restroom is located 47" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

CLASS ACTION COMPLAINT

11.  **11745 Sherman Way**
     **Hollywood, CA  91605**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 10**
The restroom does not provide proper floor space and is not accessible.  This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.23.3.

**Violation 11**
There are no required grab bars in the restroom.  This is in violation of Title 24 Code 1115B.8.1; ADAAG – Section 4.17.6.

**Violation 12**
The mirror in the restroom is 54" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

CLASS ACTION COMPLAINT

**Violation 13**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 14**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

12. **26334 Mesa Rock Rd.**
**Escondido, CA 92026**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 5**
The accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 6**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 7**
The center of the toilet or water closet is 15" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 8**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 9**
The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 10**
There are no required grab bars in the restroom. This is in violation of Title 24 Code 1115B.8.1; ADAAG – Section 4.17.6.

CLASS ACTION COMPLAINT

**Violation 11**
The mirror in the restroom is 50" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 12**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 13**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 14**
The paper towel dispenser in the restroom is located 56" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 15**
The toilet seat cover dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

13.  **36705 Briggs Rd.**
     **Murrieta, CA  92563**

**Violation 1**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The entrance door does not provide a symbol of accessibility posted on the door. This is in violation of Title 24 Code 1127B.3.

**Violation 5**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 7**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

- 21 -
CLASS ACTION COMPLAINT

39.     The discriminatory violations described above are not an exclusive or exhaustive list of the Defendants' accessibility barriers and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendants' nurseries.

40.     The correction of these violations is readily achievable, or Defendants are obligated to have their places of public accommodation readily accessible as defined by both the ADA and the California Standards.

41.     To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendants' failure to comply with these standards or regulations is that Defendants have discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendants' nurseries.

42.     As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendants' nurseries, and have otherwise been discriminated against and have suffered damages caused by Defendants' accessibility violations. Unless Defendants' nurseries are brought into compliance, said persons will continue to suffer injury in the future.

**COUNT I**

**(Unruh Civil Rights Act)**

43.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

44.     Defendants operate business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq.

45.     The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, et seq.

46.     The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business

establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

47.     Defendants have violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendants. Defendants have also violated the Unruh Act by violating the ADA, as set forth above.

48.     Defendants have violated the Unruh Act, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its location.

49.     In doing the acts and/or omissions alleged herein, Defendants have wrongfully and unlawfully denied individuals with disabilities access to its locations and its facilities and has acted intentionally and with knowledge of the effect its conduct is having on physically disabled persons.

50.     Defendants have violated the Unruh Act by both being in violations of the California Standards and rights provided under the Americans with Disabilities Act of 1990.

51.     Further, Defendants have violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in its nurseries.

52.     Plaintiff is being deterred from patronizing Defendants' nursery as a result of his actual knowledge of the violations stated above.

53.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### COUNT II

### (California Disabled Persons Act)

54.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

CLASS ACTION COMPLAINT

55.    Defendants operate, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, et seq.

56.    The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq. and relevant provisions of the California building code regulations.

57.    The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

58.    Defendants have violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendants.

59.    Defendants have violated the CDPA by, *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its nurseries.

60.    In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied individuals with disabilities access to its nursery and facilities and has acted with knowledge of the effect its conduct was having on physically disabled persons.

61.    Defendants have violated the CDPA by being, as listed above, in violation of both California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

62.    Plaintiff is being deterred from patronizing Defendants' nursery as a result of his actual knowledge of the violations stated above .

63.    Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 54, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Cal. Civ. Code § 55)

64.    Plaintiff re-alleges and incorporates by reference all of the above allegations set forth in the Complaint as if fully set forth herein.

65.     Defendants operate, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of Cal. Civ. Code § 55, et seq.

66.     The conduct alleged herein violated the Cal. Civ. Code, § 55, et seq. and relevant provisions of the California building code regulations .

67.     Plaintiff brings the claim to enjoin any technical violations of the California Standards or access laws.

68.     In order to enjoin the aforementioned violations, Plaintiff is not required to prove an actual attempt to access Defendants' nursery or to prove that the violation results from discrimination.

69.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below

### **RELIEF**

WHERFORE, Plaintiff demands judgment against each Defendant and requests the following relief:

A.     that this Court certify the proposed Class;

B.     that this Court certify Plaintiff as class representatives on behalf of the Class;

C.     that this Court declare that the policies, procedures, and services, and facilities at the Defendants' nurseries located in California have been discriminatory and violative of the ADA and therefore are violative of the Unruh Civil Rights Act and the California Disabled Persons Act;

D.     that this Court declares that the policies, procedures, services, and facilities of Defendants are discriminatory and violative of the state anti-discrimination statutes of California and the California Standards;

E.     that this Court declare that Defendants' violation of the state anti-discrimination statutes of California is intentional.

CLASS ACTION COMPLAINT

F.      that this Court Order injunctive relief to require Defendants to become in compliance and remain in compliance with state anti-discrimination statutes.

G.      that this Court award minimum statutory damages on behalf of the Plaintiff against each Defendant pursuant to the state statutes identified above;

H.      that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

I.      that this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: March 19, 2025                    BRODSKY SMITH

By:_____
Evan J. Smith (SBN242352)
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

- 26 -
CLASS ACTION COMPLAINT

**V E R I F I C A T I O N**

I, _Clayton Stefan Freeman_, hereby certify that I am the Plaintiff in this civil action

and certify under penalty of perjury under the laws of the State of California that the Complaint is true

and correct to the best of my knowledge, information and belief.